(118 App. Div. 177)

PEOPLE v. McCLELLAN.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. QUO WARRANTO—DEFENSE—MOTION TO SET ASIDE SUMMONS—AVAILABILITY.
   In a quo warranto proceeding to determine defendant's title to a public office, defendant's objection that the proceeding was barred by a former Attorney General's determination not to bring the proceeding was properly raised by motion to set aside the service of summons and complaint, and not by answer or plea in bar.

2. JUDGMENT — RES JUDICATA — ATTORNEY GENERAL'S DETERMINATION — QUO WARRANTO.
   The exercise of the Attorney General's discretion to bring quo warranto proceedings against persons usurping public office, vested in him by Code, § 1948, is not a judicial function and hence a determination not to bring such a proceeding is no bar to him or his successor bringing the proceeding subsequently.

Appeal from Special Term, New York County.

Action by the people of the state of New York against George B. McClellan. From an order denying a motion to set aside service of summons and complaint, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Eugene L. Richards, Jr., for appellant.
Charles A. Dolson, for respondent.

INGRAHAM, J. The people, by the Attorney General, commenced this action, alleging that an election was held in the city of New York on the 7th day of November 1905, at which the defendant was declared elected mayor of said city, and has since occupied that office, but that at such election the greatest number of legal votes was cast for one William Randolph Hearst and he was duly and legally elected mayor of the city of New York for the term of four years commencing on the 1st day of January, 1906, that the defendant has usurped and intruded into and now holds such office of mayor of the city of New York, and judgment is demanded that the said William Randolph Hearst be declared duly elected to the office of mayor, and

that the defendant be ousted and excluded from said office. Upon an affidavit which alleged that on the 17th day of April, 1906, the said William Randolph Hearst, claiming that he had been elected mayor of New York at such election petitioned Julius M. Mayer, then Attorney General of the state of New York, that he should bring or cause to be brought an action in the nature of quo warranto to test and determine the title of the defendant to the said office of mayor of the city of New York, that the defendant and the said Hearst duly appeared before the Attorney General upon that application and the Attorney General had a hearing thereon and received and took the proofs appertaining to the issues raised thereby, and, after due and deliberate consideration of the said petition, answer, and evidence so adduced before him, made a determination on the 16th of July, 1906, denying the application of the said William Randolph Hearst to have an action in the nature of quo warranto brought in the name of the people of the state of New York, and refusing to bring any such action, the defendant claims that such adjudication by the then Attorney General was res adjudicata as to whether an action should be brought by the people of the state to test the title of the defendant to the office of mayor under the election of the 7th of November, 1905, and becomes therefore binding upon the present Attorney General, successor to Attorney General Mayer, and that he had, therefore, no authority to commence this action, and upon this affidavit the defendant made a motion at Special Term that the service of the summons and complaint should be set aside and dismissed as unlawful and unauthorized. This motion was denied, and the defendant appeals.

The learned judge at Special Term denied the motion upon the ground that the question could not be raised on motion; that, if the contention of the defendant was available, it was only as a bar to the maintenance of the action, and that the bar must be pleaded by way of answer. I should be inclined to think that this objection could not be taken by answer or by a plea in bar, but could only be raised by a motion to set aside the service of the summons and complaint. There could be no question but that upon the allegations of the complaint the plaintiff has a good cause of action. Whether or not the people of the state of New York would enforce that cause of action was a question that was to be determined by the Attorney General under the provisions of the statute regulating the performance of his duties. If it was improper for the Attorney General to commence the action, or if there was any statutory or other bar to his using the name of the people of the state for that purpose, it would seem that the way that the question could be raised would be by a motion to set aside the service of process which was unauthorized by the people. The fact that the Attorney General had exceeded his authority in commencing the action in the name of the people of the state could not be available as a defense to the action, if the complaint set up a good cause of action. I think, therefore, that the question which we must determine is whether there was any determination of Attorney General Mayer which was a bar to his successor in acting under the authority vested in him by law in bringing this action.

Section 52 of the Executive Law (chapter 683, p. 1697, Laws 1892, as amended by chapter 821, p. 648, Laws 1895) provides that the Attorney General shall prosecute and defend all actions and proceedings in which the state is interested. He is therefore the law officer of the state, by whom all actions brought by or on behalf of the people of the state must be prosecuted. The action of quo warranto is regulated by title 1 of chapter 16 of the Code of Civil Procedure. Section 1948 provides that the Attorney General may maintain an action upon his own information or of a private person in either of the following cases:

"(1) Against a person who usurps, intrudes into, or unlawfully holds, or exercises within the state, a franchise or public office, civil or military, or an office in a domestic corporation."

Section 1986 provides that:

"When an action is brought by the Attorney General, as prescribed in this title, on the relation or information of a person having an interest in the question, the complaint must allege, and the title of the action must show, that the action is brought upon the relation of that person."

There is no provision of law which limits or restricts the Attorney General in the exercise of his discretion as to whether an action by the people of the state shall or shall not be brought. He can bring an action upon his own information, or on the complaint of another person; the only limitation on his action being that if it be brought on the complaint of another person that fact must appear in the complaint, and the Attorney General is then to require the party at whose instigation the action was brought to secure the state against any liability for costs. It seems to me that, in determining whether or not an action shall be brought, the Attorney General acts under a discretion vested in him by law, which is not in any sense made to depend upon the result of a judicial investigation, but is solely an exercise of the discretion vested in him as the law officer of the state. He may bring, and it is his duty to bring, the action when he is satisfied that the law has been violated and a person is exercising a public office or a public franchise without authority or legal title to the office or franchise. The question is one submitted to his discretion, and he must exercise that discretion upon the facts as they appear to him from time to time when brought to his attention. From the very nature of the discretion vested in him, it seems to me impossible to say that he exercised at any time a judicial function, or that any determination becomes an adjudication which is binding upon him or upon anybody else. The question not being judicial in its nature, the fact that one Attorney General determined that he was not justified in commencing an action is no bar to the same Attorney General, or to his successor, in subsequently determining that the facts as then presented to him require him to institute the action.

None of the cases cited by the learned counsel for the defendant have any application, as they all relate to proceedings of boards or public officers who are charged by law with the determination of questions to be submitted to them, and where their determination is judicial in character, and not an act resting purely in discretion, and upon

which it is made the duty of the public officer to exercise his discretion from time to time as the circumstances require.

For these reasons, I think the order below was right, and should be affirmed, with $10 costs and disbursements. It is only proper that we should add that we think this is a question which should be determined by the Court of Appeals, and that, on application by the defendant, the question will be certified to that court. All concur.