In the Matter of the Application of CHARLES H. STOWELL, Petitioner, against Trustees SANTORO, MEIGHAN, CORRIGAN, JACKSON and Mayor JOHNSON, Constituting the Board of Trustees of the Village of Mamaroneck, and F. H. BULL, JR., Village Clerk, Respondents, for a Review of a Determination of Said Board

of Trustees in a Hearing Entitled: In the Matter of Disciplinary Proceedings against CHARLES H. STOWELL, Police Chief of the Village of Mamaroneck, N. Y.— Proceeding under article 78 of the Civil Practice Act, to review the determination of the trustees of the village of Mamaroneck finding the petitioner, police chief of the village, guilty of certain charges and dismissing him from the service, which proceeding was remitted to this court for further consideration by the Court of Appeals. (*Matter of Stowell* v. *Santoro*, 278 N. Y. 427.) The determination of the board of trustees of the village of Mamaroneck finding petitioner guilty of the charges (1) of receiving fifty dollars from one Faillace, and (2) of improperly interceding on behalf of Faillace in a proceeding before a police judge, is annulled and said charges dismissed. The determination of the said board of trustees (1) finding the petitioner guilty of befriending Faillace, knowing of his general disreputable character, and (2) of improperly approving applications for the issuance of pistol permits, confirmed. The determination of said board of trustees, removing relator from the police department annulled, without costs, and the matter remitted to said board of trustees, to fix the punishment of petitioner (a) for befriending Faillace, and (b) improperly approving pistol permit applications. The record and return, as amended, disclose that the village trustees voted that the petitioner was guilty of the acts alleged in each and all of the charges. There can be no conviction under the charge of receiving fifty dollars from Faillace, for the reason that petitioner was previously tried on that charge and acquitted. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234.) This relates to one specification of the first charge. The charge of interceding on behalf of Faillace in a proceeding before a police judge was not brought within sixty days and, therefore, is barred by the Statute of Limitations. (Village Law, § 188-f.) The petitioner, therefore, was improperly convicted under this charge, which is another specification of the first charge. The evidence sustains the charge that the petitioner knew the general disreputable character of · Faillace, and did befriend him on other occasions than the time when petitioner interceded in the proceeding before the police judge. The evidence sustains the charge that the petitioner improperly approved certain pistol permit applications. We remit the matter to the respondent trustees to fix punishment, in the light of our ruling that the petitioner has been convicted properly in respect of the two matters above set forth. (*People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171, 178.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.