EUGENE McGILLICUDDY et al., Plaintiffs, v. GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, May 2, 1952.

*James H. Tully* and *Truman H. Luhrman* for plaintiffs.

*Denis M. Hurley, Corporation Counsel* (*Victor J. Herwitz* and *James C. B. Millard* of counsel), for defendants.

BOTEIN, J. This is an application by plaintiffs, members of the police department of the city of New York, for a preliminary injunction restraining their impending trial on departmental charges before the Hon. JAMES A. DELEHANTY, who was recently appointed third deputy police commissioner to conduct the trial. Plaintiffs claim that the charges are "substantially identical" with those upon which they were previously tried before the Hon. SIMON RIFKIND, who was at that time also acting as third deputy police commissioner.

The trial before Judge RIFKIND resulted in a finding that there was no evidence to support the charges against plaintiffs and in the dismissal of the charges and the restoration of plaintiffs to duty. Plaintiffs contend that to retry them on substantially identical charges would violate the constitutional guaranty against double jeopardy contained in section 6 of article I of the New York State Constitution. They also urge that the dismissal of the prior charges against them constitute a binding adjudication in their favor and, "under common law principles," prohibits a retrial of the same charges.

The 5th Amendment to the Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy *of life or limb*" (italics supplied). Section 6 of article I of the New York State Constitution reads, "No person shall be subject to be twice put in jeopardy

for the same offense ''. Although not qualified by the words '' of life or limb '', as in the Federal Constitution, the word '' jeopardy '', in the State Constitution has been construed by the courts as referring only to the risk of death or imprisonment resulting from criminal prosecution. In *People ex rel. Totalis* v. *Craver* (174 Misc. 325) the court said (p. 326): '' In law, jeopardy is that status which attaches to a person, when he is put on trial before a court of competent jurisdiction on an indictment, presentment or information * * * It is the peril in which a prisoner is put when he is regularly charged with a crime before a tribunal, properly organized and competent to try him.''

In *Hodson* v. *Hoff* (266 App. Div. 228, affd. 291 N. Y. 518) it was held that defendant's trial in a paternity proceeding did not constitute '' jeopardy '' within the meaning of section 6 of article I of the State Constitution and that it therefore did not bar his prosecution in a subsequent proceeding with respect to the same child. The court pointed out (p. 230) that '' The standard of proof required for conviction in a criminal case is not necessary for a finding of paternity '' and (p. 230) that '' there is no provision for penal sentence upon a finding of paternity.'' It concluded (pp. 230–231): '' Hence, the proceeding is essentially civil in nature, although partly criminal in form. * * * The plea of former jeopardy is unavailable.'' In *Shaul* v. *Fidelity & Deposit Co. of Md.* (131 Misc. 401, affd. 224 App. Div. 773) the holding was that the arrest of a defendant under an order of arrest in a *civil* action did not constitute '' jeopardy '' which would bar a subsequent criminal prosecution for the same offense. This decision was expressly approved in *Hodson* v. *Hoff* (*supra*, p. 230). In Corpus Juris (16 C. J., Criminal Law, § 362, p. 235) the law generally is stated to be: '' Jeopardy, in its constitutional or common-law sense, has a strict application to criminal prosecutions only.'' (To the same effect, see 22 C. J. S., Criminal Law, p. 372.)

The departmental proceedings against plaintiffs which were tried before Judge RIFKIND as third deputy police commissioner were clearly not criminal prosecutions. The proceedings could result at most in fines, dismissal of the plaintiffs from the police force, and perhaps in the loss of their pensions. (Administrative Code of City of New York, § 434a–14.0.) Plaintiffs were not subject to the risk of imprisonment on the basis of findings or directions made by Judge RIFKIND. The only rights they possessed which were in jeopardy were purely civil rights, viz., rights of property. It is therefore evident that the impending

trial before Judge DELEHANTY does not expose plaintiffs to double jeopardy within the meaning of the Constitution, even if it be assumed that they are charged with the same offenses as formed the basis of the charges previously tried before Judge RIFKIND.

We turn now to the claim that the trial before Judge DELE-HANTY should be enjoined because the findings of Judge RIFKIND are *res judicata* of the charges which plaintiffs must answer before Judge DELEHANTY. Plaintiffs contend that ''The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers'' (*Osterhoudt v. Rigney,* 98 N. Y. 222, 234). This appears to be a correct statement of the present law (*People ex rel. McCabe v. Mattheis,* 179 N. Y. 242, 248; *Matter of Hyland v. Waldo,* 158 App. Div. 654; *Matter of Stowell v. Santoro,* 256 App. Div. 935). It does not follow, however, that plaintiffs are entitled to enjoin the proceeding pending before Judge DELEHANTY. This is true even if it be assumed that the present charges are identical with those already litigated on the prior trial.

It is a well-established legal principle that a court of equity will not enjoin the prosecution of an action or proceeding on grounds which may be asserted as a defense in the action or proceeding. This is one facet of the rule that equity will not act where there is an adequate remedy at law. In Pomeroy's Equity Jurisprudence (5th ed., Vol. 4, p. 974) the rule is stated: '' Where a court of law can do as full justice to the parties and to the matter in dispute as can be done in equity, a court of equity will not stay proceedings at law. Equity will not restrain a legal action or judgment where the controversy would be decided by the court of equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special *equitable* feature or ground of relief; and in the case assumed, this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action or the defense themselves.'' At page 976 of the same work it is stated that '' The principle is well established, and is universal in its application, that when a cause belongs to the jurisdiction of the law courts, equity will never interfere to restrain the prosecution of the action, nor to stay proceedings on the judgment or execution, *upon any mere legal grounds,* although it may be

demonstrated that the complainant in equity (generally the defendant at law) had a valid legal defense ''.

This principle is as applicable to an attempt to enjoin an action on the ground that *res judicata* constitutes a good defense thereto as it is to other defenses which the applicant for such an injunction may possess. Thus, in Corpus Juris (32 C. J., Injunctions, § 116, p. 107) the rule is declared that '' After a question has once been decided in a court of competent jurisdiction, a second action on the same subject matter will usually not be enjoined, because the former adjudication is an adequate defense at law.'' These principles govern the instant case notwithstanding the fact that the disciplinary proceedings against plaintiffs are not, in the precise sense, actions at law. They are, nevertheless, proceedings of a judicial or quasi-judicial character (McQuillan on Municipal Corporations [3d ed.], Vol. 4, § 12.256, pp. 334–337). Plaintiffs may assert their claim of a binding prior adjudication as a defense to the proceedings. If Judge DELEHANTY, after comparing the charges made in the proceeding before him with those of which plaintiffs were previously acquitted, should reject the defense and should find plaintiffs guilty, they may obtain judicial review of that determination in a proceeding under article 78 of the Civil Practice Act. '' The act sought to be enjoined can be dealt with under article 78 of the Civil Practice Act which makes available to the plaintiff a legal remedy * * * which is adequate to redress the plaintiff's grievance.'' (*Kane* v. *Walsh,* 295 N. Y. 198, 206.)

It is thus clear that plaintiffs possess adequate remedies at law and do not require the aid of a court of equity. There is no more basis for enjoining the departmental proceedings than there would be for enjoining law actions in this court, or some other court, because of a claim that the applicant for the injunction possesses a defense of *res judicata* to the other action.

In the instant case there is additional reason for denying injunctive relief on the basis of the claim of *res judicata.* Two of the five charges presently made against the plaintiffs on their very face relate to matters that could not have been the subject of determination in the proceedings before Judge RIFKIND. Thus, specifications 4 and 5 charge plaintiffs with having committed perjury in their testimony on their prior trials. As to the other three specifications, the corporation counsel contends that they embrace acts on the part of the plaintiffs which were not included in the charges made against them in the earlier proceedings.

The record in this respect is not sufficiently clear to enable this court to determine to what extent, if any, these three specifications charge plaintiffs with misconduct which was not the basis of the previous charges against them. It is well settled that a claim of *res judicata* will not be permitted to prevail in the absence of a clear, definite and conclusive showing that the second litigation involves the same issues as were determined in the prior litigation. When the plea of *res judicata* is made to Judge DELEHANTY, he will be in a much better position on the basis of the charges and the evidence before him to make a considered and intelligent determination as to whether and to what extent any of the charges tried before him were the basis of the prior charges of which plaintiffs have been acquitted.

The plaintiffs make no showing of any special equitable feature or extrinsic circumstance which would incline a court of equity toward granting this extraordinary injunctive relief. No irreparable harm, as that term is understood in equity, will come to these plaintiffs through the denial of the injunction. They must stand trial in any event upon the fourth and fifth charges. It would appear that the evidence in support of those charges must necessarily intertwine with and, to a considerable extent, duplicate the evidence under the first three charges — the only charges seriously challenged by this application.

If the claims which appear so nebulous at this stage have any validity, they will emerge clear and unobscured from the hearings before the deputy police commissioner — to be resolved knowledgeably by him, with the right of review and appeal available to plaintiffs. Certainly a court of equity should not strain itself to wall off the healthy ventilation of charges of so shocking a nature, nor to bar a hearing for the guilty or deny a hearing to the innocent.

The motion is accordingly denied.