In the Matter of 609 HOLDING CORP., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Bronx County, September 16, 1952.

*Benjamin Etzkowitz* for petitioner.

*Robert H. Schaffer* and *Norman S. Fenton* for respondent.

MATTHEW M. LEVY, J. On or about January 11, 1952, the tenant filed an application with the Temporary State Housing Rent Commission, pursuant to subdivision 2 of section 34 of the State Rent and Eviction Regulations, requesting a reduction in the maximum rent based upon the landlord's failure to repair the tenant's refrigerator which had not been in working condition for about two months. This application was directed as against Willshan Realty Corp., the then record owner of the multiple dwelling. On January 22d, the usual notice of commencement of the tenant's proceeding for decrease in rent was sent by the commission to Willshan; and the notice contained the statement that upon failure to oppose the application, an order would be made decreasing the maximum rent for the housing accommodation in question from $35.25 to $30.25 per month. When no answer was received from the landlord, a final notice of proposed decrease of the rent was sent to Willshan on February 13th. No response was received to this final notice, and an order effective February 29, 1952, reducing the rent to $30.25 was issued by the commission.

The record reveals that the petitioner, 609 Holding Corp., acquired title to the apartment house on March 6th from Register Realty Corp., which, in turn, took title on January 14th from Willshan Realty Corp. When the petitioner became the owner on March 6th it notified the local rent office of the change of ownership. The record shows that on March 7th the petitioner was informed by the tenant that she would thereafter supply her own refrigeration. On March 12th the petitioner sent a service man to repair the refrigerator, but the tenant rejected this offer to repair, stating that she had her own refrigerator.

On or about March 19th, petitioner applied for an increase in maximum rent, pursuant to subdivision 1 of section 33 of the State Rent and Eviction Regulations, and a restoration of the maximum rent of $35.25 per month, claiming that petitioner was ready to restore the refrigeration service to the tenant, but that the latter refused to allow the necessary repairs. The

tenant replied to this claim that she had purchased her own refrigerator on March 11th, prior to the time that petitioner attempted to repair.

The commission denied the landlord's application by order issued April 3d. A protest, dated April 4th, was filed with the commission on April 7th against the last-mentioned order, and at the same time the petitioner also protested the original order issued February 29th, which reduced the rent payable by the tenant because of absence of working refrigeration. By order and opinion issued May 2d, the respondent State Rent Administrator (1) dismissed the protest of petitioner with respect to the order of February 29th, on the ground that it was not filed within the thirty-day period prescribed in subdivision 2 of section 92 of the State Rent and Eviction Regulations, and (2) denied the protest as to order of April 3d, on the ground, that the local rent administrator properly found that the tenant had installed her own refrigerator before the landlord sought to restore the service.

This proceeding, pursuant to article 78 of the Civil Practice Act, seeks a review of these two determinations. The petitioner urges (1) that the administrator has power to waive the requirement that protest be filed within thirty days; (2) that the order of February 29th was never sent to petitioner, and when protest was filed it was within thirty days after the petitioner became the owner; (3) that the petitioner waited for the commission's decision on the petitioner's application to restore the prior rent, and that if this application were granted, the protest as to the first order would have been unnecessary; (4) that this court, in any event, for good cause shown, may waive the thirty-day requirement; (5) that the application to restore the monthly rental, made on March 19th, should have been granted, since petitioner's efforts to repair were timely and prior to the purchase and delivery of tenant's own refrigerator; and (6) that the reduction of $5 in monthly rent because of lack of refrigerator service was excessive, inequitable and discriminatory in view of the total accommodations and total rent.

(1) I hold that the action of the administrator, in dismissing the petitioner's protest insofar as it applied to the order of February 29, 1952, was proper. Subdivision 2 of section 92 of the State Rent and Eviction Regulations provides that: " A protest against an order of a Local Rent Administrator must be filed within thirty days after the effective date of such order." Prior to May 1, 1952, this regulation also provided that: " The

administrator may, in his discretion, and for good cause shown, extend the time for filing.'' But, effective May 1, 1951, this sentence was deleted by Amendment No. 3, and now that there is no provision under the regulations permitting any extension of time by the administrator, the petitioner's first contention must fall.

The argument that the administrator makes his own regulations and thus can waive or ignore them in any particular case is as hazardous as it is unwarranted. A proper rule is promulgated to be observed, not to be broken. To agree with the petitioner in his present argument would at best enthrone fitful fiat as the basis of administrative determination, and at worst would lead to administrative discrimination and favoritism. The administrator's foot, of late, has been stretched to become nearly as long as that of the equity chancellor (and I do not say this disparagingly or regretfully), but it still cannot be used to give the boot to his own lawful and reasonable rules.

A protest under the rent regulations is analogous to an appeal in the judicial process — and even the time within which to take an appeal in the courts may not be extended by a judge except upon statutory authority (*Sobel* v. *Sobel*, 234 App. Div. 98; *Ocean Accident & Guar. Corp.* v. *Otis Elevator Co.*, 291 N. Y. 254; *Morris* v. *Chemical Bank & Trust Co.*, 291 N. Y. 646; cf. *Matter of Seymour*, 144 App. Div. 151). There is no reason, then, why the commission should have the power imposed upon it to extend the time within which a protest might be filed. This is particularly true when the commission has deliberately, by duly adopted amendment, denuded itself of that power.

(2) The next contention of the petitioner is that the order of February 29th was never sent to the petitioner (cf. *Matter of R. E. Associates* v. *McGoldrick*, 278 App. Div. 347), and that when the protest was filed it was within thirty days after petitioner took title — and that, it is urged, suffices. But even if the order of February 29th were never sent to the petitioner, the administrator did all he was required to do, i.e., send all notices, orders, etc., to the registered owner of the premises as it appeared from the commission's records (see State Rent and Eviction Regulations, § 45). When the petitioner acquired title on March 6th, it took such title subject to the status of the proceedings before the commission. If transfer of title were to require the *de novo* institution of such proceedings or the taking anew of steps therein, the commission's functions would be so hamstrung as to make a mockery of the Legislature's efforts to protect tenants in the present housing emergency. If

service of protest is to be deemed sufficient if made within thirty days after a new landlord obtains title, changes of ownership within thirty-day periods would warrant the filing of protests months after the determination of the local rent administrator was made. Neither reason nor logic nor law can sustain such an argument. There must be some finality in disposition of cases before the commission (cf. *Matter of Cupo v. McGoldrick,* 278 App. Div. 108) and the thirty-day rule for due protest is a salutary one.

(3) The petitioner contends that it justifiably waited for the decision on its later application to restore the rent before serving the protest on the earlier ruling, and that if its request were granted, the protest would have been unnecessary. That is untenable. It is analogous to the argument of a plaintiff who seeks to exculpate the failure to serve a complaint on time upon the ground that he waited for a determination of a motion to dismiss in another action involving substantially the same questions, since that decision might obviate the necessity of serving an answer. This is not a valid excuse for self-determined delay (see *Martin v. McCurdy,* 120 App. Div. 665).

(4) The final argument made on this branch of the case is that this court can and should waive the thirty-day protest period or extend the petitioner's time within which to file the protest. No statute is cited in support of the claimed power, and I have not been able to find any. But even on the assumption that there is such power — by legislative grant or in inherent jurisdiction — I should not in any event exercise it unless there was good cause shown. Accepting as true, all statements, allegations and claims of the petitioner, it is clear that no meritorious cause whatsoever has been shown to warrant waiver or extension of the thirty-day rule. Upon petitioner's own statements that it purchased the premises in question on March 6th (at which time the superintendent of the dwelling informed the petitioner that the refrigerator in question was not working), that petitioner attempted to make the necessary repairs on March 12th (which repairs were refused by the tenant), and that on March 19th the petitioner applied to the commission for restoration of the original rent, there was adequate opportunity to file the protest on the earlier ruling within the required time. And there is utter failure to advance any sound reason or justifiable excuse for not filing the protest until after the time to do so had expired. This court cannot find that good cause has been shown. Accordingly, the protest, insofar as it dealt with the February 29th order, was properly dismissed.

(5) A different situation is presented, however, as to the denial of the protest relating to the April 3d order. The basis for the denial of petitioner's application giving rise to that order was that the tenant had supplied her own refrigeration prior to petitioner's attempt to restore the service. This claim is in serious dispute. The tenant contended, before the commission, that she purchased and installed her own refrigerator on March 11th. The petitioner claims that it was on March 28th that the refrigerator was in fact delivered. The only evidence submitted by the tenant was her affidavit that she purchased and installed a refrigerator on March 11th, and the petitioner's statement that she told the serviceman sent by petitioner on March 12th that she had her own refrigerator. The petitioner on the other hand offered affidavits to prove that the refrigerator was in fact delivered and installed on March 28th, and demanded that contracts, receipts, checks, etc., be produced by the tenant as documentary basis to show the date of purchase and delivery or that the seller of the refrigerator be asked by the commission to give the data. I believe this request was reasonable, that the commission should have obtained additional facts to pass upon a question which was so seriously in dispute, that inquiry could and should have been made of the seller as to date of purchase and delivery, and that the tenant should have been directed to produce documentary proof available to her, especially when demand for the production thereof was made by petitioner. The failure to do so was arbitrary and capricious, and I therefore grant the petitioner's application to the extent of remitting the matter to the commission, so that additional evidence on this question may be taken by the administrator, together with such other evidence as may be proper and necessary.

(6) The respondent contends that the $5 reduction in rent was proper, inasmuch as the schedule of rental values for items of service or equipment issued by the commission states that the installation of a refrigerator where none was present would increase rental value up to $5 per month, and conversely, where refrigerator service is removed, a reduction up to $5 is permitted. This is vigorously contested by the petitioner. I do not believe that I may go here into the question of whether, on the merits, the reduction was excessive, inequitable or discriminatory. This matter is not now before the court, since I have held that the first order on tenant's application to reduce the rent is lawfully in effect — the petitioner having failed duly and properly to protest within the permissible thirty-day

period — and it was in that first application to the commission that the reduction now attacked was made. That reduction has nothing whatsoever to do with the second application, which was by the petitioner to restore the former rent upon the ground that the petitioner made timely effort to make repairs. Since the due filing of the protest and subsequent determination by the State Rent Administrator is a prerequisite to obtaining the judicial review now sought (State Rent and Eviction Regulations, § 103) and since the petitioner failed to protest within due time, it cannot seek redress here. To hold otherwise would result in permitting the petitioner indirectly to obtain virtual revocation of the order of February 29th, thereby reopening and prolonging the controversy before the administrative tribunal. Where one has failed to file a protest within the time limited, he may not thereafter successfully prosecute a new application for the same administrative relief on substantially the same grounds. It seems to me that the principle of *res judicata* should apply with equal force before administrative commissions as before judicial tribunals.

The motion is disposed of accordingly. Settle order on notice.