John H. Pennock, J.
This is a motion for an order, dismissing departmental 'charges against respondent as a matter of law or in the alternative for (1) a bill of particulars, (2) an examination before trial, (3) a change of venue, (4) a court-appointed Referee and (5) a stay pending this decision.
The respondent is a New York State Trooper, having served in that capacity for 10 years. He holds a permanent appointment and is an honorably discharged navy veteran. He has held posts as delegate to the Police Benevolent Association and the Civil Service Employees’ Association.
The respondent, at a meeting of the Civil Service Employees’ Association in New York City on October 9, 1963, made an oral report to the delegates as to alleged reprisals against him by his division for legal actions in which he has been a principal against the division. He was not in uniform and apparently not on duty, rather he was appearing as a delegate to the Civil Service Employees’ Association meeting, and based upon his allegations a motion was duly made and passed by the association forwarding to the Governor of the State of New York, the reports of the respondent, and others (individuals in departments other than the Division of State Police) requesting an investigation of the allegations. The papers before the court contain no further reference to the reports.
On November 29, 1963, written charges were served upon the respondent by the Superintendent of State Police. These consisted of two charges. Charge I. ‘1 Acting in a manner tending to bring discredit upon the Division in violation of Article 8, Section 8.41 of the Regulations of the New York State Police.” Charge II. ‘ ‘ Failing to obey the lawful command or order issued orally by a commissioned officer ”, in violation of section 8.3 of article 8 of the Regulations of the New York State Police. The appropriate regulations violated are set forth together with specifications. The origin of the charges were the remarks of the respondent at the association meeting and refusal to name troopers he referred to in his remarks.
Thereafter, on December 26, 1963, the Superintendent withdrew the charges of November 29, 1963, and served another set of charges which consisted of one charge which is similar to Charge II in the withdrawn charges.
The present charges generally stem from the remarks of the respondent at the Civil Service Employees’ meeting at New *729 York City. Specification I of the original charge set forth the facts on which the charge was predicated. Specifications I and II with the present charge are confined to an “oral order” which the respondent refused to obey during the investigation of the respondent’s allegations at the meeting.
Now the Superintendent, in the present charge before the court, charges that the respondent was in violation of section 8.3 of article 8 of the Regulations of the State Police as follows:
The charges and specifications are as follows:
1 ‘ charge i. Failing to obey the lawful command or order issued orally by a commissioned officer, in violation of Article 8, Section 8.3, of the Regulations of the New York State Police.”
Section 8.3 of article 8: “It shall be the duty of each member of the New York State Police to obey every lawful command or order issued orally or in writing by competent authority which shall mean the Superintendent, commissioned officers, noncommissioned officers or members of the Division senior in rank and/or grade to the recipient of the command or order.”
specification i. “In that Trooper John H. Donohue on October 23, 1963, refused to obey the lawful command of his troop commander, Captain Q-. L. Infante, to identify three troopers whom Trooper Donohue alleged told him they had been called in to Troop Headquarters at Hawthorne and questioned concerning his personal and official conduct. Said refusal, delayed, hindered and impeded the completion of an investigation of allegations made by Trooper Donohue, which allegations tended to bring discredit upon the Division of State Police.”
specification ii. “In that Trooper John H. Donohue, on October 23, 1963, refused to obey the lawful command of his troop commander, Captain G-. L. Infante, to identify the commissioned officer whom Trooper Donohue alleged had checked him four times on one night and two times on the following night. Said refusal delayed, hindered and impeded the completion of an investigation of the allegations made by Trooper Donohue which allegations tended to bring discredit upon the Division of State Police.”
The respondent denied the charge and demanded a hearing by the division pursuant to the rules of the Superintendent.
The respondent then made the motions that are before this court and was granted a temporary stay pending decision.
The respondent, in this motion, claims that the doctrine of res judicata applies to the present Charge I, in that the present Charge I is the same as the original Charge II which was withdrawn by the Superintendent. He requests this court to dismiss the present Charge I as a matter of law, as the original charge *730 being similar bars1 the maintenance of the present charge. The courts of the State have held that the doctrine of res judicata applies to administrative hearings. “ The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers.” (Osterhoudt v. Rigney, 98 N. Y. 222, 234.) Other cases have held to the same effect. (People ex rel. McCabe v. Matthies, 179 N. Y. 242, 248; Matter of Hyland v. Waldo, 158 App. Div. 654 and Matter of Stowell v. Santoro, 256 App. Div. 934.)
The principle of res judicata should apply with equal force before administrative commissioners as before judicial tribunals. (Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26.)
“Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible.” (Matter of Evans v. Monaghan, 306 N. Y. 312, 323.) “ Any general relaxation of the rule of res judicata is inadmissible even in strictly administrative matters” (p. 324).
In the instant case however, the necessary ingredients are not present to conclude that the second charge is res judicata. It lacks the fundamental cornerstone of the doctrine as there has been no adjudication or final determination of the charges. The withdrawal of the original charge is an administrative act by the Superintendent. The Superintendent has the prerogative to withdraw, amend and institute new charges, provided the respondent is given a reasonable time to prepare.
The Superintendent acts under a discretion vested in him by law. “ The Superintendent shall make rules and regulations subject to approval by the governor for the discipline and control of the New York state police ”. (Executive Law, art. 11, § 215, subd. 2.)
He may bring, and it is his duty to bring charges when he is satisfied that a regulation was violated. He must exercise this discretion upon the facts as they appear to him from time to time when brought to his attention. This is a departmental administrative function. From the very nature of the discretion vested in him, it seems impossible to say that he made a judicial or administrative filial adjudication when he withdrew the first charges and served another charge, or that any determination to withdraw charges was an adjudication, which is binding upon him or upon anybody else. (People v. McClellan, 118 App. Div. 177, affd. 188 N. Y. 618.)
*731 In any event it is a well-established legal principle that a court of equity will not enjoin the prosecution of an action or proceedings on grounds which may be asserted as a defense in the action or proceeding. (See McGillicuddy v. Monaghan, 201 Misc. 650, affd. 280 App. Div. 144.)
The respondent also wants this court to compel the Superintendent to make a full disclosure before the hearing. He requests procedural steps and remedies available to a litigant in a civil trial under the Civil Practice Law and Buies, such as an order for a bill of particulars, examination before trial, a court-appointed Beferee and a change of venue.
This court, in the absence of some express statutory authority, and none is shown here, has no jurisdiction to issue orders to provide for a bill of particulars, examination before trial, a court-appointed Beferee and a change of venue, during the pendency of an administrative hearing. ‘ ‘ This application was not made in connection with any suit or action pending in this or any other court.” (Matter of Art Metal Constr. Co. v. McGoldrick, 260 App, Div. 153, 154.) A disciplinary hearing is not a “civil judicial proceeding” (CPLB 101). It is a disciplinary hearing pursuant to rules adopted by Superintendent and approved by the Governor. (Executive Law, § 215, subd. 2.)
The appropriate rules of the Division of New York State Police govern the procedure of this disciplinary hearing as follows:
479.8 hearing. “Ata hearing the accused shall have the right to be represented by counsel of his choice. The superintendent or commissioned officer with the rank of assistant superintendent or above designated by the superintendent shall conduct such hearing and submit his findings and decision which shall be subject to the approval of the superintendent whose decision shall be final and entered on the record as the official action of the Division. The accused shall be confronted by the witnesses against him, given a reasonable opportunity to hear their statements under oath and to cross-examine them, in person or by counsel. The defense counsel shall have an opportunity, and be granted a reasonable time, to obtain witnesses and other evidence necessary to a proper defense of the accused, such reasonable time should not extend the hearing beyond 30 days. The testimony may then be reduced to writing. On completion of the hearing the charges, reports, record of the proceedings and the disposition shall be filed as a permanent part of the service record of the accused.”
The respondent under the rules, can request time, up to 30 days, to prepare his defense. At that time the “ charger ” shall *732 have fully disclosed his case. In the meantime, the charge and the specifications amplify the alleged violations to sufficiently apprise the respondent of the complaint against him.
The respondent’s motion for the matter to be referred to a Referee must also be denied. The rules govern the procedure for a hearing and no provision is made for a hearing before a Referee.
The respondent’s request for a change of venue based on convenience of witnesses should be made to the hearing officer at the time when such witnesses’ testimony is necessary for the respondent’s case. Such decision to grant or refuse the request is discretionary with the hearing officer. The motions are denied and the temporary stay is vacated.