Isadore Bookstein, J.
These 25 article 78 proceedings were returnable at Special Term on May 28, 1965. Each involves a different person who was furnished hospital services by petitioner, for which it is claimed that respondent is liable under provisions of the Social Welfare Law.
*41 It appears that sometime ago several article 78 proceedings were instituted by the petitioner herein against the respondent herein. In those proceedings respondent raised the question that an article 78 proceeding was not the proper remedy but that the proper remedy was a plenary action. Special Term held otherwise. (Matter of Albany Med. Center Hosp. v. Breslin, 46 Misc 2d 671.)
Respondent appealed from that determination. Some question exists as to whether or not that appeal was duly taken. In any event, prior to the return date of these proceedings respondent obtained an order to show cause returnable at this Special Term, why these proceedings should not be stayed pending the determination of the aforesaid appeal.
My attention has not been called to any statutory authority for granting such a stay. Respondent maintains that this court has the inherent power to grant such stay, although no authority for that proposition is cited.
Even assuming that the court has such inherent power, the rule is well established that a court of equity will not stay or enjoin an action or proceeding, without a showing of irreparable damage. (McGillicuddy v. Monaghan, 201 Misc. 650, 653; see, also, to same effect, opn. of Mr. Justice Pennock in Matter of Infante v. Donohue, 42 Misc 2d 727, 731.)
There can be no irreparable damage here, if a stay is not granted.
Motion for stay denied. Stay contained in order to show cause vacated.