Francis J. Bloustein, J.
Defendant moves for an order granting summary judgment in its favor and against plaintiff pursuant to CPLR 3212 on the ground that there is no merit to the causes of action asserted in the complaint. Plaintiff, a former employee of defendant, brings this action (Index No. 8455-1970) to recover damages allegedly sustained as the result of defendant’s purported wrongful discharge of plaintiff in breach of their employment agreement. As a first affirmative defense, defendant asserts that plaintiff voluntarily terminated his employment with defendant.
It is submitted by defendant on the instant motion that plaintiff was employed at will and that ‘ ‘ by determination of the Division of Unemployment, New York State Department of Labor * * * made on December 1, 1970, and affirmed by the Appeal Board on February 24, 1971, it was found that plaintiff had voluntarily left his employment without cause and was not entitled to unemployment benefits ”, Plaintiff does not dispute the fact that the Division of Unemployment made such determination, but argues that it has no res judicata effect on this action.
In Schwartz v. Public Administrator (24 N Y 2d 65, 69, 71) the Court of Appeals “ arrived at a modern and stable statement of the law of res judicata ” by enunciating “ the sound principle that, where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand a .second one * * * there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.” Patently it is the party against whom collateral estoppel is sought to be applied who must have had a full and fair opportunity to contest the particular issue (Schwarts v. Public Administrator, supra). ‘ ‘ The courts of the State have held that the doctrine of res judicata applies to administrative hearings.
*887 ‘ The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers. ’ (Osterhoudt v. Rigney, 98 N. Y. 222, 234.) Other cases have held to the same effect. (People ex rel. McCabe v. Matthies, 179 N. Y. 242, 248; Matter of Hyland v. Waldo, 158 App. Div. 654, and Matter of Sowell v. Santoro, 256 App. Div. 934.) ” (Matter of Infante v. Donohue, 42 Misc 2d 727, 730.) A succinct statement of the application of principles of res judicata to administrative hearings is found in Matter of Evans v. Monaghan (306 N. Y. 312, 323-324): ‘ ‘ Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible. The cases cited indicate that the rule of res judicata is applicable to such determinations as well as to the courts wherever consistent with the purposes of the tribunal, board or officer (cf. Res Judicata in Administrative Law, 49 Yale L. J. 1250). Such departures from the rule as there may be in administrative law appear to spring from the peculiar necessities of the particular case or the nature of the precise power being exercised, rather than from any general distinction between courts and administrative tribunals. Indeed, it is the instinct of our jurisprudence to extend court principles to administrative or quasi-judicial hearings insofar as they may be adapted to such procedures.”
In analyzing an administrative matter for res judicata purposes, a key distinction is whether the agency action is administrative or quasi-judicial (see Robin-Gay Apts. v. Berman, 26 A D 2d 537). The Unemployment Insurance Referee, after a hearing held pursuant to section 620 of the Labor Law found that plaintiff was disqualified for a voluntary leaving of employment without good cause. Representatives of the defendant employer and its attorney appeared at the hearing. Appeal to the Appeal Board pursuant to section 621 of the Labor Law resulted in the board’s adoption of the findings of fact and the opinion of the Referee. Section 624 of the Labor Law provides for appeal by an aggrieved party of questions of law involved in the Appeal Board’s decision to the Appellate Division, Third Department. Plaintiff failed to take such an appeal. It should be noted in this context that the defendant employer as an appearing party could itself have taken an appeal, if aggrieved. Both the Appeal Board and the Referee in the hearing and appeal were not bound by common law or statutory rules of *888 evidence or by technical or formal rules of procedure (Labor Law, § 622). Clearly, the administrative determination of the Unemployment Insurance Referee under these circumstances is quasi-judicial (cf. Workmen’s, Compensation Law, §•§ 23, 222; see N. Y. Const., art. I, § 18: “ Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees ”; (see, also, Matter of Eisenberg [Catherwood], 29 A D 2d 1019; Ogino v. Black, 278 App. Div. 146, affd. 304 N. Y. 872). The exercise of judgment on the Referee’s part was occasioned by a hearing before him required by statute and was subject to possible review by certiorari addressed to the Appellate Division, Third Department. Thus, this function qualified as quasi-judicial (see People ex rel. Finmegan v. McBride, 226 N. Y. 252).
Accordingly, the doctrine of collateral estoppel is properly invoked in respect of the issue as to plaintiff’s voluntary termination of employment without cause and the first affirmative defense asserted in the answer is a complete defense to the action. In light of this determination there is no need to resolve the remaining issues raised by the parties. Defendant’s motion for summary judgment dismissing the complaint is granted.