OPINION OF THE COURT
Harold Hyman, J.
Petitioner (hereinafter Union), pursuant to CPLR 7510, moves to confirm the award of the arbitrator based upon a hearing allegedly held pursuant to a collective bargaining agreement executed by it and an employer, Air Surface Coordinators, Inc. (hereinafter Surface). The award made by the arbitrator is dated July 30, 1977. The hearing is purported to have been held on July 21, 1977 pursuant to notice given to Surface and to one CF Air Freight, Inc. (hereinafter CF). The latter corporation is not a signatory of the agreement.
The award is based upon the claims of Union that Surface violated the terms of the agreement in that it "locked-out” their employees (eight in number) and failed to reinstate them with full back pay, benefits, seniority, as well as payment of all fringe benefit contributions and, in addition, that CF was a "joint employer” of said members so that Surface and CF constituted a "single employer.”
The award found in favor of the Union. The arbitrator held that since the employees of Surface’s time cards are put in the same rack used by CF employees; Surface drivers, when they are at the facility usually eat their lunch or dinner in the CF office together with CF employees; Surface and CF employees use the same washroom and lockers; Surface drivers wear uniforms with the CF name (logo) on them; that, although Surface uniforms were purchased by Surface employees themselves, the weekly cleaning bill for uniforms of Surface and CF is split between all of them and the driver identification needed at JFK Airport, which contains the Surface employees’ photographs, lists the driver’s employer as both Surface and CF; that, therefore, CF was a joint employer with Surface and subject to the terms of the agreement. The arbitrator therefore made his award against both Surface and CF holding them jointly liable.
Although Surface responded and appeared in the latter proceeding, CF did not; the latter, CF, taking the position that *198 it was not a "joint employer”, not a signatory to the agreement; that is was a separate and distinct entity and, further, that there had been a pre-emption and determination of the identical issues (raised in the arbitration proceeding) by the United States National Labor Relations Board (NLRB) at the instigation and choice of said Union through the agency of its own directly concerned and involved members-employees of Surface. The complaint to the NLRB is dated July 11, 1977, 10 days prior to the alleged notice to arbitrate dated July 21, 1977, which is the basis for petitioner’s present application.
CF by cross motion moves to vacate the so-called "Award of the Arbitrator”. Surface likewise moves to vacate the award of the arbitrator.
It is the opinion of the court that the arbitation proceedings held and the award therein made should be vacated and declared a nullity both as to CF and Surface, and that the cross motions should be granted.
There is no denial that the same, the only employees involved, were members of petitioner (Union) when on July 11, 1977 they made the identical complaint to the NLRB seeking relief against both Surface, their direct employer, and as against CF, contending that it, the latter, was a joint employer.
Union, in its brief, admits that when a dispute is cognizable before a Federal agency (in this case it is the National Labor Relations Board), a question of pre-emption may be present (San Diego Unions v Garmon, 359 US 236); but it further contends, that such pre-emption does not apply where such a Federal administrative agency has not been given exclusive jurisdiction over the issue (People v Bush, 39 NY2d 529).
Petitioner is in error. This court reads the last-cited case to support the position taken by this court. It is said (p 535): "The NLRB had refused to take jurisdiction over the dispute, not even troubling to set out its reasons for declining to do so. The Supreme Court nevertheless held [San Diego Unions v Garmon, supra], that, because of the overwhelming necessity for uniformity of regulation of economic strife that may arguably come within the ambit of the National Labor Relations Act (NLRA), nothing less than an NLRB ruling squarely deciding that particular conduct is neither protected nor prohibited by Federal law would open the door to State court action.”
*199 In the instant matter, there was definitive, unqualified preemption by NLRB, which not only took jurisdiction but made unequivocal findings and determination with regard to the alleged violative conduct of Surface and CF; its determination was favorable to Surface and CF in all respects.
Union now also contends, that, the issue of "joint employer status” as to Surface and CF has arisen only within the context of the nature of the written agreement upon an alleged employer (CF) who is not a signatory to said agreement and not within the context of the unfair labor practices charge made to the NLRB; this, even though it sought remedial action therefor in the NLRB proceeding, and the determination it successfully only obtained in the arbitration.
The argument of Union is unacceptable; the relief sought by petitioner herein is, under the circumstances of this case, impermissible.
In the first instance, the charge made to NLRB specifically named both Surface and CF in the caption as the "employers” jointly. It specifically stated in the "charge” that, "On or about July 11, 1977, the above-named employers by their officers, agents and representative [and] that all of said employees made unconditional offers to return to work to said employers. ” (Emphasis supplied.)
The regional director, after due investigation and consideration, held, "insufficient evidence of any violation of the Act,” not that Surface or CF unlawfully locked out or refused to reinstate "said employees” because of their activities on behalf of Local 295 (Union — petitioner herein). The regional director further specifically found and held as to the contention that Surface and CF are joint employers, that "the two companies are separate corporations, separately owned and managed, that labor relations policies for their respective employees are handled separately, and that they maintain separate payrolls * * * that CF is not authorized to and has not discharged or disciplined any ASC [Surface] employees. While the ASC [Surface] drivers were dispatched by CF’s dispatcher (who also sets their routes) and while the drivers may share locker and lunchroom facilities with CF employees and wear the CF logo on their uniforms, such facts are not sufficient to render ASC and CF joint employers. (Cabot Corporation, 223 NLRB 1388; Mobil Oil Corp. 219 NLRB 511; Hychem Contractors Inc., 169 NLRB 274 and Westinghouse Electric Corp. 163 NLRB 914).” (Emphasis supplied.) Accord *200 ingly, he found that ASC (Surface) and CF are not joint employers.
Dissatisfied with the above determination, the petitioner’s employees, its members, through the medium of the petitioner and its then attorneys (incidentally, the very same attorneys who are representing petitioner — Union, in the instant matter) took an appeal from the regional director’s decision to the office of the General Counsel of the National Labor Relations Board; the latter in turn denied the appeal, affirmed the regional director "substantially for the reasons” set forth by the regional director.
There is no question, nor is it denied by Union, that the employees admittedly were in fact and law, acting in concert with the Union, with Union’s knowledge, consent, authority, know-how, assistance, and with its attorneys (the latter were then, and are even now, in this matter, still acting as attorneys for Union and its members).
The law with regard to direct estoppel (res judicata) and collateral estoppel has been taken giant steps forward, particularly with regard to "mutuality”; the need for "mutuality” to effectuate a valid estoppel has been abandoned (S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304). All that is necessary now, under the law, are two requirements: (a) there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (b) there must have been a full and fair opportunity to contest the decision now said to be contolling (S. T. Grand, Inc. v City of New York, supra; Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71). Both elements are present in the instant matter; namely, identity of issue, identity of parties and opportunity to contest.
That the doctrine has application to administrative determination is well settled. It was so stated in Matter of Evans v Monaghan (306 NY 312, 324): "[I]t is the instinct of our jurisprudence to extend court principles to administrative or quasi-judicial hearings insofar as they may be adapted to such procedures.” See, also, Osterhaudt v Rigney (98 NY 222, 234) wherein it was said: "The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers” and it was said in Matter of 609 Holding Corp. v McGoldrick (204 Misc 26, 33): "[T]he principle of res judicata *201 should apply with equal force before administrative commissions as before judicial tribunals.” The security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible and any general relaxation of the rule of res judicata is inadmissible even in strictly administrative matters. (Matter of Evans v Monaghan, supra; see, also, Matter of Stowell v Santoro, 256 App Div 934; Matter of Infante v Donohue, 42 Misc 2d 727; People ex rel. McCabe v Matthies, 179 NY 242, 248; Matter of Hyland v Waldo, 158 App Div 654.)
The Court of Appeals (Matter of American Ins. Co. [Messinger], 43 NY2d 184) held that the determination of an arbitration in a property damage arbitration proceeding between two insurance carriers disallowing the disclaimer of coverage by one of them is bindng in a controversy between the same carriers in a subsequent personal injury action arising out of the same accident; also, therein stating (pp 189-190): "Fundamental to our consideration of the present appeal is recognition that in general the doctrines of claim preclusion and issue preclusion between the same parties (more familiarly referred to as res judicata or direct estoppel) apply as well to awards in arbitration as they do to adjudications in judicial proceedings”. (Emphasis supplied.) In the instant case, if it now be claimed by Union that the parties are different in this as to that in the NLRB matter, we might be confronted with the question of "issue preclusion” arising between different parties, but here there is no denial by Union of identity of parties.
Thus, where the identical issues presented to the arbitrator herein were first pre-empted to NLRB by Union and its alter ego, agents, its members directly involved, there can be no legal doubt that whether it be considered on the basis of pure res judicata (direct estoppel) or on the basis of "agency” as collateral estoppel, the result obtained is the same.
Petitioner — Union—intimates that there was no actual hearing, no oral testimony, no oral argument, no briefs filed, and therefore the findings of NLRB cannot act as an estoppel. The fact remains that it was their own choice to submit the matter on that very basis, and by doing so therefore "necessarily imports [their] acceptance of the more summary, informal and less structured procedures” (Matter of American Ins. Co., supra, p 191).
Union further contends that there never was any intention *202 in submitting the matter to NLRB in the first instance that its findings should have an estoppel effect as to any other (presumptively the arbitration proceeding) between the parties, or at least on the issue of "joint employers”. Such a position was summarily disposed of in Matter of American Ins. Co. (supra, pp 192-193) wherein the court stated: "By like token and more significant, however, there is no evidence to establish that they manifested an intention, let alone agreed, that there be no such consequence. The doctrines of claim preclusion and issue preclusion do not depend on any manifested or presumed intention of the parties; they rest on the desirability in the public interest of judicial repose and of the orderly termination of controversy. 'The common-law doctrine of res judicata, designed to bar relitigation of adjudicated issues, is the law’s recognition of the fact that it is to the interest of the State that there should be an end to litigation’ * * * It will not suffice, however, to urge by way of afterthought that the parties never intended a subsequently binding effect ” (Emphasis supplied.)
The Union may not have two bites of the apple. It chose the first (NLRB) forum, virtually compelling Surface and CF thereby to respond therein. After doing so and while awaiting the determination of NLRB for some unknown unstated reason, it then chose to proceed to arbitration under the terms of their agreement, seeking a determination through arbitration procedure while the NLRB proceeding was pending; nor did they withdraw or discontinue the NLRB proceeding, but they even appealed from the NLRB determination, thus indicating their displeasure at its finality.
Petitioner may not play fast and loose with its first choice of forum, by going forum shopping to another agency when it is suspicious of an adverse determination in the first chosen forum. The original choice was petitioner’s; it, and its members (employees of Surface who were directly involved), acting in concert, made their choice.
Therefore, since the second (the arbitration) proceeding, wherein the petitioner presented identical issues to those it raised in the prior NLRB proceeding (then actually pending), it, the arbitration proceeding, could only be declared ineffectual, improperly commenced and of no force or effect regardless of its determination.
It is the opinion of this court that as a matter of law, petitioner and its alter ego (members) are issue precluded by *203 collateral estoppel and by direct estoppel (res judicata) by reason of the NLRB determination as to all of the issues involved and raised. Petitioner’s (Union) present, belated, contention that the NLRB proceeding was brought within the context of an unfair labor practice, while the arbitration was brought within the context of a contract dispute, cannot support any other determination than that as aforesaid, estoppel still applies. The issues were the identical in both proceedings; whether it be an administrative proceeding and the other an arbitration proceeding, no longer matters. When an issue is determined, it is determined once and for all; the attempt to "split the cause or issue” into two alleged legal spheres cannot sustain petitioner’s present position for it is not only a mere afterthought, but also impermissible. The law requires that all matters regarding the same subject matter be raised in one proceeding, not split up into many, the penalty for so doing, is res judicata or collateral estoppel (finality).
It is therefore the opinion of this court that the motion of petitioner Union must be denied and the cross motions of defendants granted; that judgment be and hereby is, rendered against petitioner in favor of both defendants.
Each defendant is herewith permitted to tax and is hereby granted separate statutory costs against petitioner.