James H. O’Connor, J.
An application has been made to this court by order to show cause dated June 6,1969 by John W. Clark, Deputy Chief of Police of the City of Utica, New York (hereinafter referred to as Clark), to restrain the Commissioner of Public Safety, Hillard J. Trubitt (hereinafter referred to as Trubitt), from proceeding with an investigatory hearing relative to Clark’s alleged connection with a transaction of the New York Telephone Company on February 18, 1969. In addition, the application sought to restrain Trubitt from requiring Clark to give any evidence concerning said transaction; directing Trubitt to give reasons why he wanted such testimony; requiring Trubitt to state whether or not he ordered the Chief of Police to request Clark to resign as a member of the Utica, New York Police Force; requiring Trubitt to state whether or not he ordered the Chief of Police to advise Clark that serious charges under the Penal Law of the State of New York could be made against him if he did not resign and the reasons or evidence in Trubitt’s possession which prompted him to take this action; requiring Trubitt to state whether or not he ordered Clark through the Chief of Police to be placed on zoning work and whether or not he appeared before the Oneida County Grand Jury to offer testimony concerning Clark; requiring Trubitt to present all orders, affidavits, papers, documents and writings which Trubitt and the Chief of Police have in their respective possession; and requiring Trubitt to state whether he has any orders, instructions or requests from any of his superiors or other persons which in any way involve Clark in his capacity as a police officer. The return date of the show cause order was June 17, 1969.
The facts leading up to the issuance of the order to show cause are gleaned from the affidavit of Clark in support thereof and may be briefly summarized as follows. While Clark was recuperating from an operation in March, 1969 the Chief of Police called upon him and advised him that Trubitt wanted him to resign. A short time later the Chief of Police allegedly made a second call upon Clark suggesting that if he did not resign Trubitt would bring serious charges against him under the Penal Law of the State of New York. Up to May, 1969 Clark *53 was absent from duty on sick leave although a few days prior thereto he had advised the Chief of Police that his doctor indicated he would be able to return to duty on May 19, 1969. He contends that the Chief of Police advised him that Trubitt had ordered him to be placed on special assignment but that he was not to return to duty. Clark notified the Chief of Police by letter on May 20, 1969 that he intended to return to work and thereafter he was ordered to duty and assigned to a zoning map survey in the office of the Chief. Prior to that time he was in charge of the Organized Crime and Vice Detail. On June 2, 1969, the adjourned date of a requested meeting between himself and Trubitt. Clark appeared with his attorney at Trubitt’s office. He then learned that Trubitt wanted to take his testimony relative to any involvement he had with New York Telephone Company on February 18, 1969. Supposedly the essence of the meeting was to elucidate a written report of Clark’s to the Chief of Police dated April 7, 1969 relative to the February 18, 1969 transaction. An adjournment of the meeting was agreed to and a date set for June 9,1969.
That meeting was canceled by letter of Corporation Counsel dated June 9, 1969. Charges pursuant to section 133 of the Second Class Cities Law dated June 13, 1969 were served upon Clark alleging in substance that he engaged in wiretapping without an eavesdropping warrant or without the consent of the sender or received in violation of rule 40 of the Bules and Begulations of the Bureau of Police and also in violation under five specifications of various portions of the eavesdropping statutes of the New York Penal Law.
Upon the oral argument on said order to show cause Clark through his attorney asserted the proposition that Trubitt should be disqualified as the hearing officer in any disciplinary hearing conducted upon the preferred charges due to the fact that he caused the incident of February 18, 1969 to be investigated ; had knowledge of most of the relevant facts and caused the charges to be preferred against Clark. It is further alleged that Trubitt has prejudged Clark’s guilt and that such bias should disqualify him as a hearing officer. Clark contends that the court should appoint a Justice of the Supreme Court to hear any charges against Clark so that the hearing may be entirely fair and impartial.
While the above motion was being considered by this court a second order to show cause was obtained by Clark which contained temporary restraining provisions and said order was referred to this court for consideration in conjunction with the prior motion. The second application seeks an order compelling *54 Trubitt to appear and testify on all matters relating to Clark which occurred during his tenure in office; to produce all documents and records which he has concerning Clark; or restrain Mm from removing, destroying or concealing any and all records pertaining to Clark and to restrain him from leaving the State of New York until Ms testimony is perpetuated. Trubitt was temporarily restrained from leaving the State of New York and from destroying any records.
Before reaching a decision on the crucial issue presented by the above motion, viz: whether Trubitt should be disqualified as a hearing officer in the disciplinary proceeding which has been instituted against Clark, the court must first decide the multitudinous issues raised on the original order to show cause dated June 6, 1969. The whole purport of that motion as seen from the moving papers was to restrain Commissioner of Public Safety Trubitt from proceeding in an investigatory manner prior to the preferment of disciplinary charges. That issue has now become moot since charges have been preferred against Clark and it would be to no avail to grant injunctive relief relative to the investigatory procedure sought to be employed by the Commissioner of Public Safety on June 2, 1969. Whether or not this court has jurisdiction to enjoin such investigatory procedure is extremely doubtful especially since the court will not enjoin a disciplinary proceeding itself where the party involved has a complete and adequate remedy at law in the form of an article 78 proceeding to review. (McGillicuddy v. Monaghan, 201 Misc. 650, affd. 280 App. Div. 144.) The other requests for relief contained in the order to show cause of June 6, 1969 are more properly the subject of testimony which can be obtained by the petitioner by subpoenaing the Commissioner of Public Safety in the disciplinary hearing itself. These requests concern items of evidence and they are made before any action or proceeding was ever brought. The instant requests are somewhat akin to the requests made in the Matter of Infante v. Donohue (42 Misc 2d 727) wherein the petitioner requested the court to compel the Superintendent of the State Police to make a full disclosure before the disciplinary hearing, obtain a bill of particulars, an examination before trial a court-appointed Referee and a change of venue. The court in that case held (p. 731): “ This court, in the absence of some express statutory authority, and none is shown here, has no jurisdiction to issue orders to provide for a bill of particulars, an examination before trial, a court-appointed Referee and a change of venue, during the pendency of an administrative hearing. ‘ This application was not made in connection with any suit or action *55 pending in this or any other court. ’ (Matter of Art Metal Constr. Co. v. McGoldrick, 260 App. Div. 153, 154.) A disciplinary hearing is not a ‘ civil judicial proceeding ’ (CPLR 101). It is a disciplinary hearing pursuant to the rules adopted by the Superintendent and approved by the Governor. ’ ’
Therefore the relief requested in the moving papers supporting the order to show cause of June 6,1969 is hereby denied.
Of course, the court is fully aware of the petitioner’s argument that the mere filing of charges should not preclude the court from exercising jurisdiction over a disciplinary proceeding which the petitioner contends the court did acquire prior to the preferment of charges. Yet, it is difficult to perceive how jurisdiction was acquired by this court over any subject matter. There was no proceeding in existence at the time the' order to show cause was executed to which this court could address itself. Furthermore, no authority has been cited upon this motion which supports the proposition that a court in the first instance has jurisdiction to conduct a disciplinary proceeding if a respective respondent in such a proceeding makes an application to the court prior to the preferment of charges by the administrative agency involved. However, the court can understand the plight of a prospective respondent in a disciplinary proceeding wondering when and if charges are to be brought against him. Be that as it may, this court knows of no legal precedent which would allow it to preempt an administrative agency from conducting its own disciplinary hearing especially in view of the fact that the right to conduct a hearing is clearly defined in chapter 834 of the laws of 1940; section 137 of the Second Class Cities Law and section 75 of the Civil Service Law.
The difficult question is that raised on the oral argument as to the disqualification of Trubitt as the hearing officer in the disciplinary proceeding. The petitioner relies heavily upon Matter of Cross v. Pearsall (29 A D 2d 553) and Matter of Waters v. McGinnis (29 A D 2d 969) concerning the question of bias and prejudice on the part of a hearing officer in a disciplinary proceeding. Neither party upon this motion, disputes the general proposition of law laid down in People ex rel. Packwood v. Riley (232 N. Y. 283) that a disciplinary hearing must be fair in all respects, based upon an impartial review of evidence to the exclusion of knowledge possessed by the trier of the fact and free from prejudicial errors of law. The Gross and Waters cases simply follow that general proposition and state that where the hearing officer possesses vital information concern *56 ing the charges in a disciplinary proceeding and has the authority under the statute in question to appoint a hearing officer, the failure to do so would invalidate the hearing as being unfair.
The mere fact however that a hearing officer is both accuser, prosecutor and Judge has been held to be no reason to disqualify a hearing officer under similar hearings conducted under section 75 of the Civil Service Law. (See Matter of Davis v. Sayer, 205 App. Div. 562.) Indeed, H. Eliot Kaplan, a recognized authority on Civil Service Law, in his treatise, ‘ ‘ The Law of the Civil Service ”, states (p. 287): “ The courts have invariably declined to enjoin an appointing officer from proceeding with disciplinary action, even where it is alleged (with some plausible indication) that the head of department may have indicated bias or prejudice pointing to an inevitable result. The presumption, of course, is that a public official will not act illegally. The court will not anticipate illegal action or improper motivation, realizing that a public official notwithstanding his earlier indications would nevertheless be expected to act in accordance with law. Not until the official action taken is found to have been in bad faith, will the court be receptive to restraining administrative action.”
Applying the above principles to the facts elucidated by oral argument and by the accompanying briefs of counsel, it is this court’s decision that there is no showing at this time that Trubitt did any more than prefer charges in his capacity as Commissioner of Public Safety upon information based on New York Telephone Company records. This is not to say however that such bias or prejudice might not be shown in the disciplinary hearing itself in which event the petitioner has adequate protection in either an article 78 review pursuant to chapter 834 of the Laws of 1940, or an appeal to the Appellate Division of the Supreme Court pursuant to section 138 of the Second Class Cities Law.
Therefore, it is this court’s decision that Trubitt at this time cannot be disqualified as the hearing officer in the disciplinary proceeding involving the petitioner.
Concerning the motion brought on the order to. show cause dated June 26, 1969 it is this court’s decision that Trubitt should not be restrained from leaving the State of New York or from removing, destroying or in any other way concealing any records, or documents relative to the petitioner upon the ground that there is no adequate showing that either Trubitt would not be present as a witness or otherwise at the disciplinary hearing or that he has threatened or is about to destroy *57 any relevant documents pertaining to the petitioner. It is axiomatic that a temporary injunction is a drastic remedy and should not be granted unless a clear right thereto is shown on undisputed facts. (Meda Int. v. Salzman, 24 A D 2d 710.) A further reason for denying the issuance of an injunction at this time would be that there is no action pending as contemplated by CPLR 6301 as a predicate for the issuance of a preliminary injunction.
In conclusion an order may be submitted denying the relief requested by the petitioner in both motions and all temporary restraining orders contained in the orders to show cause are to be removed.
The cross motion of Trubitt seeking an order restraining Clark from interfering further with the holding of the departmental hearing is summarily denied on the ground that this court cannot say that by bringing the above motions Clark has been attempting to forestall the conduct of the hearing.