OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment annulling and reversing a determination of the State Comptroller which denied petitioner’s application for accidental disability retirement.
Petitioner was employed by the City of Binghamton as a fireman from 1946 until January 26, 1962 when he was terminated. He was admitted to the Veterans Administration Hospital in Syracuse as a mental health patient in January of 1962 and was hospitalized as a mental health patient until November of 1966.
Petitioner filed his application for accidental disability retirement on August 16, 1978 with the New York State Policemen’s and Firemen’s Retirement System which was disapproved by the State Comptroller on October 12, 1978. He thereafter filed a request for a hearing and redetermina *541 tian of said disapproval. The denial of the application was affirmed after a hearing in a decision of the Comptroller of July 7, 1980 and the instant article 78 proceeding followed.
Section 363 of the Retirement and Social Security Law provides, insofar as pertinent, as follows:
“§ 363. Accidental disability retirement
“a. A member shall be entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is: * * *
“3. Actually in service upon which his membership is based. However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service and provided that the member meets the requirements of paragraphs one and two of subdivision a of this section.”
No application for accidental disability retirement was filed while petitioner was in service and no application was filed until August 16, 1978, some 16 years after he was discontinued from service.
This statutory requirement is a condition precedent to the existence of a substantive right to accidental disability retirement.
It was contended by petitioner at the hearing that his application filing requirement should be tolled due to his alleged mental disability. However, this court cannot agree with that contention. CPLR 208, which provides that the period of time in which to bring an action may be extended where the party entitled to bring the action is insane, is not applicable to this statutory mandate of section 363 of the Retirement and Social Security Law.
In view of the foregoing, this court must reluctantly deny the petition as untimely, pursuant to section 363 of the Retirement and Social Security Law.