OPINION OF THE COURT

Per Curiam.

The provisions of CPLR 2103 (subd [c]) prescribing extensions of time where service on a party is made by mail do not apply to administrative proceedings.
The order of the Commissioner of Health imposing fines and suspending petitioner’s right to issue prescriptions was mailed to petitioner and his attorney by certified mail on April 3, 1981 in conformity with the provisions of subdivision 7 of section 3393 of the Public Health Law. Subdivision 1 of section 3394 of that law provides for judicial review under CPLR article 78, and subdivision 2 prescribes that application for such review must be made “within sixty days after service of the order or determination upon the person whose license, certificate, right or privilege is affected thereby or upon the attorney of record for such person”. The present proceeding was commenced by an order to show cause served on the respondents on June 4,1981, the 62nd day after the mailing of the administrative determination. The proceeding was therefore untimely unless petitioner may avail himself of the provi *82 sions of CPLR 2103 granting extensions of time in certain circumstances where service is made by mail.*
Respondent’s motion to dismiss this proceeding was granted at Special Term. The Appellate Division reversed, two Justices dissenting, held the proceeding timely, and granted petitioner leave to appeal on a certified question. We now reverse.
CPLR 2103 is a carry forward of the substance of sections 163 and 164 of the former Civil Practice Act. Section 163 had provided, inter alia, that where a party had appeared in an action, a notice or other paper required to be served must be served on his attorney. Section 164 provided, inter alia, that when an adverse party had a specified time after service within which to do an act, three days were to be added to the time specified if such service was made through the post office. The extension provision of section 164 was held to be applicable to service of a paper by an administrative agency (e.g., Weingarten v Cohen, 275 App Div 253, affd 300 NY 528).
The application of CPLR 2103, however, is expressly restricted to service “in a pending action”. After providing in subdivision (a) who can make service, subdivision (b) provides:. “Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney”. The manner of such service is then prescribed in paragraphs 1 through 4. In the sequential subdivision (c) provision is made for service on a party himself if the party has not appeared by an attorney or his attorney cannot be served, and the methods prescribed in paragraphs 1, 2 and 4 of subdivision (b) are incorporated by reference. Inasmuch as an administrative proceeding is not an action (see CPLR 105, subd [b]; Matter of Luoma v Spearin, Preston & Burrows, 282 App Div 612, affd 307 NY 728; Matter of Art Metal Constr. Co. v McGoldrick, 260 App Div 153; Matter of Clark, 60 Misc 2d 51) and in any event the article 78 proceeding was not pending until it had been instituted, the extension prescribed in CPLR 2103 (subd [b], par 2) is *83 not available to extend the 60-day period prescribed in subdivision 2 of section 3394. The present article 78 proceeding was therefore not timely commenced.
No view is expressed whether service under section 3394 is deemed completed on the posting of the administrative order or on its receipt where service is made by mail inasmuch as this issue has not been raised or addressed by the parties on this appeal.
Finally, respondents did not waive their objection to the timeliness of petitioner’s article 78 proceeding as such an objection was contained in their answer (see CPLR 7804, subd [f]; 3211, subd [e]; Matter of Hans v Burns, 48 AD2d 947).
For the reasons stated, the order of the Appellate Division should be reversed, with costs, the petition dismissed and the certified question answered in the negative.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in Per Curiam opinion.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, petition dismissed and question certified answered in the negative.

 The provision in effect at the time of service in this case prescribed a three-day extension. By chapter 20 of the Laws of 1982 that period was enlarged to five days effective January 1, 1983.