OPINION OF THE COURT
John G. Connor, J.
Petitioner challenges respondent’s determination denying *392 his application for ordinary disability retirement benefits pursuant to Retirement and Social Security Law § 62. On February 15, 1984 petitioner’s employment at the State Kingsboro Psychiatric Center in Brooklyn terminated. Petitioner did not file an application for disability benefits until March 28, 1985, far beyond the 90-day period in which to file for such benefits after the termination of employment (Retirement and Social Security Law § 62 [aa] [2]).
At the hearing convened by respondent, petitioner presented a psychiatrist who testified that petitioner was suffering from a psychiatric illness during the 90-day period following his employment termination and that he was unable to appreciate the need for filing his disability application within the 90-day period. The psychiatrist also expressed doubt as to whether petitioner was able to seek assistance to timely file the application. Petitioner argued that he was under a disability and that the 90-day filing limitation of Retirement and Social Security Law § 62 (aa) (2) was tolled thereby pursuant to CPLR 208. Respondent held that CPLR 208 was inapplicable and that petitioner’s application for disability benefits must be denied as untimely.
In this proceeding, the sole issue is whether the Hearing Examiner erred as a matter of law in holding that CPLR 208 was inapplicable to toll the 90-day filing requirement of Retirement and Social Security Law § 62 (aa) (2). This precise question appears to be one of first impression in this State. CPLR 208 provides for the tolling of a Statute of Limitations in an action based upon a plaintiff’s disability. The language clearly refers to an action and makes no references to administrative proceedings such as the one at issue here. An administrative proceeding is not an action (Matter of Cortlandt Nursing Home v Axelrod, 99 AD2d 105, 107, revd on other grounds 66 NY2d 169, cert denied — US —, 106 S Ct 1971; Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80). Accordingly, the tolling provisions of CPLR 208 do not apply to the administrative time limitations statutorily established by Retirement and Social Security Law § 62 (aa) (2) (see, Hudak v State of New York Policemen’s & Firemen’s Retirement Sys., 106 Misc 2d 540). Petitioner’s application for ordinary disability benefits filed more than a year after his termination from employment was, therefore, untimely.
The petition is dismissed on the law.