■ In the Matter of Louis CALLACE, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.—Harvey, J.

On February 15, 1984, petitioner was terminated from his position as an assistant cook at Kingsboro Psychiatric Center in Brooklyn. At the time of his termination, petitioner was apparently suffering from severe mental disorders which allegedly prevented him from performing his employment duties. Over a year later, on March 26, 1985, petitioner filed an application for ordinary disability retirement benefits. The application was disapproved by the Comptroller upon the ground that petitioner failed to apply while "in service" or within 90 days of the termination of his employment as required by Retirement and Social Security Law § 62 (aa) (2).

Petitioner filed a timely request for a hearing and redeter-

mination of the Comptroller's decision. Despite uncontradicted expert testimony indicating that petitioner had been suffering from mental illness both at the time of his termination and during the ensuing months, the Hearing Officer concluded that petitioner's failure to comply with the time periods set forth in Retirement and Social Security Law § 62 required denial of the application. The Hearing Officer noted that the tolling provisions of CPLR 208, which petitioner had urged as a ground for finding his application timely, did not apply to applications for disability retirement. Following the Comptroller's final determination that petitioner's application be denied, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

The issue on appeal is whether, in the absence of legislative action, the Comptroller has authority to extend the 90-day period contained in Retirement and Social Security Law § 62 (aa) (2). Reliance upon CPLR 208 to provide such authority is misplaced. CPLR 208 tolls the Statute of Limitations for the filing of a civil action during the time in which a plaintiff is insane or incompetent. An application for ordinary disability retirement benefits is not an "action" and thus the tolling provisions of CPLR 208 are not applicable (see, Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 82-83). Further, the statutory requirement that an applicant must be in service or discontinued from service for not more than 90 days is not a Statute of Limitations, but is a condition precedent to the existence of a substantive right to ordinary disability retirement (see, Hudak v State of New York Policemen's & Firemen's Retirement Sys., 106 Misc 2d 540, 541).

Petitioner argues, however, that an exception to the statutory requirements of Retirement and Social Security Law § 62 (aa) (2) should be recognized where the disability which gives rise to the petitioner's claim has also rendered him incapable of asserting that claim in a timely fashion. In support of this argument petitioner seeks to analogize his case to Federal cases dealing with the Statute of Limitations under the Federal Tort Claims Act (see, 28 USC § 2401). The analogy is unpersuasive since the Federal cases involve civil actions and a Statute of Limitations, rather than an administrative proceeding and a statutory precondition. Indeed, as noted by respondent, the Federal statute which would appear to provide a more appropriate analogy is 5 USC § 8337 (b), which governs the vesting of Federal disability retirement benefits. That statute, unlike New York's, specifically gives the admin-

istering agency discretion to waive the time in which an application must be filed in the event of mental incompetency.

While the result of this case is an obvious injustice, particularly in light of petitioner's 12 years of service and the uncontradicted psychiatric testimony, it is clear that Retirement and Social Security Law § 62 does not provide a waiver provision similar to the Federal statute. Nor has petitioner pointed to any authority which would allow the Comptroller or this court to carve out such a waiver. Accordingly, the remedying of this situation rests with the Legislature.

Judgment affirmed, without costs. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur. *[See,* 135 Misc 2d 391.]