In the Matter of JOHN W. RIEHM et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Casey, J.

On or about April 10, 1986, the Department of Taxation and Finance sent a notice of deficiency to petitioners which concerned the 1982 and 1983 tax years. Although the notice was sent to petitioners' former address, petitioners concede that they received the notice but assert that it was not received until after April 15, 1986. Petitioners timely filed a petition for redetermination, claiming that the notice of deficiency was ineffective as to the 1982 tax year because it was misaddressed and was not received within three years of the filing of the 1982 tax return. Petitioners also challenged the inclusion of capital gains from a revocable trust for both the 1982 and 1983 tax years.

After a hearing, an Administrative Law Judge (hereinafter ALJ) granted the petition insofar as it challenged the timeliness of the notice of deficiency for the 1982 tax year. Petition-

ers' challenge regarding the capital gains, however, was rejected as to the 1983 tax year; no ruling was made as to the capital gains for the 1982 tax year. After seeking an extension of time, the Department filed an appeal to respondent Tax Appeals Tribunal from the portion of the decision of the ALJ dealing with the timeliness issue. After the time to appeal had expired, petitioners sought an extension of time to appeal the portion of the decision concerning the inclusion of capital gains for 1983. On its own motion, the Tribunal dismissed petitioners' appeal as untimely (see, Tax Law § 2006 [7]). Thereafter, the Tribunal ruled in favor of the Department on the issue of the timeliness of the notice of deficiency for the 1982 tax year. Petitioners commenced this CPLR article 78 proceeding to review the Tribunal's determination concerning the timeliness of the notice of deficiency.

Petitioners contend that because the notice of deficiency was sent to the wrong address and was not received until more than three years after the April 15, 1983 filing date for 1982 tax returns, the notice was untimely for the 1982 tax year and, therefore, ineffective (see, Tax Law § 683 [a]). We disagree. As long as a notice of deficiency is actually received by the taxpayer in sufficient time to file a petition for redetermination, the notice is valid despite an error in the taxpayer's mailing address (Matter of Agosto v Tax Commn., 68 NY2d 891, 893). Pursuant to Tax Law § 683 (e), the three-year limitations period on the assessment or collection of tax is suspended, after the mailing of a notice of deficiency, for the 90-day period within which the taxpayer may seek a redetermination. Petitioners herein clearly received the notice of deficiency in time to file a petition for redetermination and, therefore, the notice was valid despite an error in their mailing address (see, Matter of Agosto v Tax Commn., supra). Because the notice of deficiency was valid, the three-year limitations period was suspended after the mailing of the notice on April 10, 1986 (Tax Law § 683 [e]). Accordingly, we see nothing irrational in the Tribunal's determination which concluded that the three-year limitations period did not preclude assessment of the tax for the 1982 tax year contained in the notice of deficiency.

Petitioners also claim error in the inclusion of certain capital gains in the taxes imposed by the notice of deficiency for the 1982 and 1983 tax years. Respondents contend that petitioners are precluded from raising this issue because they failed to take a timely appeal to the Tribunal. We agree with respondents insofar as the 1983 tax year is concerned. The

decision of the ALJ on the issue of the capital gains for the 1983 tax year finally decided that issue in the absence of a timely appeal to the Tribunal (Tax Law § 2010 [4]). The Tribunal determined that petitioners' appeal from the decision of the ALJ was untimely and petitioners have not properly sought review of that determination.

As to the 1982 tax year, however, we reach a different conclusion. The ALJ sustained petitioners' challenge to the notice of deficiency for the year 1982 on the timeliness issue and, therefore, never reached the capital gains issue for the 1982 tax year. In the absence of a decision by the ALJ on the issue which could have become final pursuant to Tax Law § 2010 (4), the dismissal of petitioners' appeal to the Tribunal cannot preclude petitioners from raising the issue. At the same time, however, the Tribunal did not rule on the issue in its determination and, therefore, there is nothing for us to review in this proceeding. We are of the view that in the absence of a waiver or abandonment of the issue, which was not found here, petitioners had the right to an administrative determination on the issue raised in their petition for redetermination before the tax contained in the notice of deficiency for the 1982 tax year can be imposed. Upon reversing the ALJ's decision on the issue of the timeliness of the notice of deficiency for the 1982 tax year, the Tribunal should have either ruled on the issue of the capital gains for the 1982 tax year itself (see, 20 NYCRR 3000.11 [e] [1]) or remitted the case to the ALJ for additional proceedings on the issue (see, Tax Law § 2006 [7]; 20 NYCRR 3000.11 [e] [2]). Accordingly, petitioners are entitled to the limited relief of having the matter remitted to the Tribunal for further proceedings on the unresolved issue concerning the capital gains for the 1982 tax year.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted to the extent that the matter is remitted to respondent Tax Appeals Tribunal for further proceedings not inconsistent with this court's decision.