■ In the Matter of FRANK R. DE MILT, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

[649 NYS2d 66] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

In the absence of a timely appeal to respondent Tax Appeals Tribunal, petitioner is precluded from seeking judicial review of the decision of the Administrative Law Judge (hereinafter ALJ) which sustained a notice of deficiency (*see, Matter of Riehm v Tax Appeals Tribunal*, 179 AD2d 970, 971-972, *lv denied* 79 NY2d 759). To be timely, an appeal to the Tribunal must be taken within 30 days after the giving of notice of the ALJ's decision (*see,* Tax Law § 2006 [7]). Service of the decision by registered or certified mail, which is complete upon proper mailing of the decision, constitutes the giving of notice prescribed by Tax Law § 2006 (7) (*see,* 20 NYCRR 3000.17 [a]).

In this case, a copy of the ALJ's decision was properly mailed to petitioner by certified mail on December 12, 1994. The record clearly establishes that petitioner's appeal was not timely, for even if the relevant postmark is considered (*see,* Tax Law § 691 [a]), petitioner's exception to the ALJ's decision was not filed until January 12, 1995, one day after the expiration of the 30-day period. We note that the five-day extension afforded by CPLR 2103 (b) (2) is not applicable to administrative proceedings (*see, Matter of Fiedelman v New York State Dept. of Health*, 58 NY2d 80, 82-83). As petitioner neither took his appeal nor sought an extension of time within the 30-day period prescribed by Tax Law § 2006 (7), the Tribunal correctly concluded that it had no authority to review the ALJ's decision (*see,* Tax Law § 2006 [7]; § 2010 [4]). Considering the appellate

role of the Tribunal in the statutory process (*see, Matter of American Express Co. v Tax Appeals Tribunal*, 190 AD2d 104, 109, *lv denied* 82 NY2d 663) and the express provision only for judicial review of the Tribunal's determinations (*see*, Tax Law § 690 [a]; § 2016), we reject petitioner's contention that the ALJ's decision is subject to CPLR article 78 review (*see*, Tax Law § 690 [b]; § 2016).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.