■ In the Matter of HERBERT E. GROSSMAN, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [692 NYS2d 775] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for ordinary disability retirement benefits.

Petitioner's employment as a psychologist with the Bronx Developmental Services (hereinafter BDS) terminated on July 27, 1990 following an accident at his home where he sustained head injuries. On September 13, 1993, Marsha Grossman, petitioner's wife, acting under a power of attorney, filed an application with respondent New York State Employees' Retirement System for ordinary disability retirement benefits. On February 15, 1994, the application was disapproved by respondent Comptroller due to petitioner's failure to comply with Retirement and Social Security Law § 62.

Upon petitioner's request, a hearing was held and, upon redetermination, it was found that while petitioner sustained his burden of proving that he was mentally, psychiatrically and neurologically disabled after the accident, he nonetheless failed to file his application in a timely manner. Upon the further determination that his illness did not toll the mandated filing period, petitioner commenced this CPLR article 78 proceeding.

Pursuant to Retirement and Social Security Law § 62 (aa)

(2), a member of a public retirement system may file for ordinary disability retirement benefits if the member is still in State service at the time of the application or applies within 90 days from the date of his or her discontinuance of service. At the time of application, members must have at least 10 years of service, file a timely application and allege that they are physically or mentally incapacitated for the continued performance of duties (Retirement and Social Security Law § 62 [aa] [2]). Although petitioner contends that the Comptroller had the authority to extend the 90-day filing period since the disability which gave rise to his claim also rendered him incapable of asserting his claim in a timely manner, we note that we have previously considered and rejected this contention (see, Matter of Callace v New York State Empls. Retirement Sys., 140 AD2d 756, 758, lv denied 72 NY2d 806). Unable to discern any authority which would empower the Comptroller to waive this statutory precondition (id.), and noting, as previously articulated, that the Legislature added the 90-day requirement to alleviate hardships created when members of the Retirement System mistakenly terminate their service prior to filing for benefits (see, Letter of Deputy Comptroller, Bill Jacket, L 1981, ch 756), the remedy here sought must lie with the Legislature (see, Matter of Callace v New York State Empls. Retirement Sys., supra, at 758). As "[t]he plain language of the statute leaves no room for interpretation" (Matter of Elsasser v Regan, 99 AD2d 875, affd 63 NY2d 647), the determination must remain.

Similarly unavailing is petitioner's contention that, notwithstanding his late application, he possessed a property interest in such benefits which was denied to him due to his mental disability. In finding that timely application pursuant to Retirement and Social Security Law § 62 constitutes a condition precedent to the ripening of any right to these benefits from which a claim of due process can arise (see, Matter of Callace v New York State Empls. Retirement Sys., supra; see also, Mallette v Arlington County Empls. Supplemental Retirement Sys. II, 91 F3d 630, 636), we note that had we not found such a precondition, we would still have rejected petitioner's contention. The record reflects that the Retirement System received a request on petitioner's behalf for an application for benefits by telephone on September 25, 1990 and that an application was sent to his home on October 3, 1990—when sufficient time existed for petitioner to have filed a timely application. Moreover, the record reflects that petitioner did, in fact, have sufficient capacity to timely file, and therefore receive, social security disability benefits.

In finding no constitutional infirmity, we are left to address petitioner's contention that the doctrine of equitable estoppel should apply due to the erroneous advice allegedly given by Susan McClaughlin, senior personnel administrator at BDS. Based upon our determination in *Matter of Burns v Regan* (87 AD2d 944, *appeals dismissed* 57 NY2d 954) and the well-settled principle that the Comptroller is vested with the exclusive authority to make credibility determinations which shall be upheld if supported by substantial evidence (*see, Matter of Kavakos v McCall*, 251 AD2d 857, *lv denied* 92 NY2d 812; *Matter of Foster v McCall*, 248 AD2d 853; *Matter of Rovegno v Regan*, 103 AD2d 877), we again find no basis to disturb the Comptroller's determination.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.