■ In the Matter of ORA BANKS, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [741 NYS2d 413] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 5, 2001, which, to the extent appealed from as limited by the brief, denied petitioner's motion for an order pursuant to CPLR 103 (c) and 3001 converting this proceeding brought pursuant to CPLR article 78 to an action for a declaratory judgment as to the constitutionality of the requirement set forth in Retirement and Social Security Law § 62 (aa) (2) that ordinary disability benefits be applied for within 90 days of discontinuance of service, unanimously affirmed, without costs.

The IAS court's determination not to convert the instant

proceeding to a declaratory judgment action was proper since petitioner's challenge to respondents' denial of her application for ordinary disability retirement benefits, as set forth in her petition and supporting submissions, does not attack the constitutional validity of the statute upon which the denial of benefits was premised, i.e. Retirement and Social Security Law § 62 (aa) (2). Instead, petitioner urges that the statute was applied in an unconstitutional manner as against her (*see, Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y.*, 31 NY2d 184, 191), a claim for which an article 78 proceeding is the proper vehicle (*id.*).

In any event, the IAS court properly determined that the proposed declaratory judgment action had no merit inasmuch as satisfaction of the 90-day filing requirement set forth in Retirement and Social Security Law § 62 "constitutes a condition precedent to the ripening of any right to * * * benefits from which a claim of due process can arise" (*Matter of Grossman v McCall*, 262 AD2d 923, 924, *appeal dismissed* 94 NY2d 796, *lv denied* 94 NY2d 765; *see also, Matter of Callace v New York State Employees' Retirement Sys.*, 140 AD2d 756, *lv denied* 72 NY2d 806). Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.