■ In the Matter of ROY J. LESTER, Appellant, v NEW YORK STATE OFFICE OF PARKS, RECREATION & HISTORIC PRESERVATION et al., Respondents. [874 NYS2d 568]—

In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated December 7, 2007, which dismissed the petitioner's complaint upon a finding that there was no probable cause to believe that the respondent New York State Office of Parks, Recreation & Historic Preservation engaged in an unlawful discriminatory practice, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered March 21, 2008, which dismissed the petition as time-barred.

Ordered that the judgment is affirmed, with costs.

The 57-year-old petitioner claimed that the respondent New York State Office of Parks, Recreation & Historic Preservation practiced illegal age discrimination when, on several testing dates, due to his refusal to wear the State issued "speedo" swimsuit, he was not permitted to take the requalification test to be rehired as a seasonal lifeguard at Jones Beach State Park, and thereafter also was not permitted to take the test for those seeking to be newly hired as lifeguards. The State Division of Human Rights issued a determination finding no probable cause for his action. Sixty-two days after the order was served, the petitioner commenced this proceeding pursuant to Executive Law § 298.

A proceeding to review a determination of the New York State Division of Human Rights must be initiated within 60 days after service of the order upon the party aggrieved by it (see Executive Law § 298). Contrary to the petitioner's contention, his time to commence the proceeding was not extended by CPLR 2103, which provision for additional time for service by mail is expressly restricted to service "in a pending action" (Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 82 [1983]; see Matter of Gil v New York State Div. of Human Rights, 17 AD3d 365 [2005]; Matter of Lumbermens Mut. Cas. Co. v City of New York, 5 AD3d 684 [2004]). Consequently, the Supreme Court properly dismissed the petition as time-barred. Covello, J.P., Angiolillo, Belen and Chambers, JJ., concur.