◼ In the Matter of PATRICK J. MULKERN, Appellant, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [930 NYS2d 316]—

Mercure, J.P.

On April 23, 2007, petitioner filed an application for accidental disability retirement benefits claiming that he suffered psychological and respiratory illnesses as a result of his work as a state trooper at Ground Zero in the aftermath of the September 11,

2001 terrorist attacks on the World Trade Center in New York City. It is undisputed that this application, while notarized, lacked petitioner's signature. By letter dated May 9, 2007, the New York State and Local Retirement System informed petitioner that his application was "rejected because it was not properly signed and/or not properly notarized." That same letter included a blank application form, instructions regarding how it should be properly filled out and contact information in the event petitioner had any questions. Thereafter, in September 2007, petitioner filed an application for benefits containing both a signature and notarization, however, respondent ultimately rejected this application as untimely pursuant to Retirement and Social Security Law § 363-bb (a) (2). Petitioner then commenced this CPLR article 78 proceeding contending that respondent's construction of the Retirement and Social Security Law so as to deny his application for benefits was arbitrary and capricious. Supreme Court dismissed the petition and this appeal followed.

We affirm. Retirement and Social Security Law § 363-bb (a) (2) provides that an applicant for accidental disability retirement benefits must apply "not later than two years after the [Retirement System] member is first discontinued from service." Inasmuch as petitioner's employment ended June 22, 2005, respondent rationally concluded that the application filed in September 2007 was untimely (*cf. Matter of Grossman v McCall*, 262 AD2d 923, 924 [1999], *appeal dismissed* 94 NY2d 796 [1999], *lv denied* 94 NY2d 765 [2000]). Petitioner maintains, however, that it was arbitrary and capricious for respondent to reject the initial April 2007 unsigned application because the notarization thereon should have been found to be sufficient to show that the document was "executed" as required by Retirement and Social Security Law § 374 (a). Contrary to petitioner's argument, it is not irrational for respondent, pursuant to his authority under Retirement and Social Security Law § 374 (a), to require members of the Retirement System to put actual signatures on applications for benefits. Accordingly, we find no basis to disturb Supreme Court's dismissal of the proceeding (*see Matter of Riggins v Regan*, 167 AD2d 802, 803 [1990]).

The remaining arguments advanced by petitioner have been examined and found to be either unpreserved or meritless.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.