# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

971

TP 12-00005

PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF WILLIAM B. JOHNSTON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GALEN D. KIRKLAND, COMMISSIONER, NEW YORK
STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT-PETITIONER,
SCOTT GEHL, HOUSING OPPORTUNITIES MADE
EQUAL, INC., STEPHANIE M. GILLIAM, ERIC T.
SCHNEIDERMAN, NEW YORK STATE ATTORNEY GENERAL,
MAYOR BYRON W. BROWN AND ERIE COUNTY EXECUTIVE
CHRISTOPHER C. COLLINS, RESPONDENTS.

---

WILLIAM B. JOHNSTON, PETITIONER-RESPONDENT PRO SE.

CAROLINE J. DOWNEY, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR
RESPONDENT-PETITIONER.

JENNIFER METZGER KIMURA, BUFFALO, FOR RESPONDENTS SCOTT GEHL AND
HOUSING OPPORTUNITIES MADE EQUAL, INC. AND STEPHANIE M. GILLIAM.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR RESPONDENT ERIE COUNTY EXECUTIVE CHRISTOPHER C. COLLINS.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CINDY T. COOPER OF
COUNSEL), FOR RESPONDENT MAYOR BYRON W. BROWN.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW B. AYERS OF
COUNSEL), RESPONDENT PRO SE.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Timothy J. Walker, A.J.], entered September 2, 2011) to annul a determination of the New York State Division of Human Rights. The determination found that petitioner had engaged in unlawful discriminatory practices with respect to housing.

It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioner-respondent is directed to pay respondent Stephanie M. Gilliam the sum of $2,500 as damages for mental anguish and humiliation, with interest at the rate of 9% per annum commencing

February 3, 2011; to pay respondent Housing Opportunities Made Equal, Inc. the sum of $4,281 for economic damages, with interest at the rate of 9% per annum commencing March 31, 2009, and the sum of $8,000 for punitive damages, with interest at the rate of 9% per annum commencing February 3, 2011; and to pay the Comptroller of the State of New York the sum of $15,000 for a civil fine and penalty, with interest at the rate of 9% per annum commencing February 3, 2011.

Memorandum: Petitioner-respondent, William B. Johnston (petitioner), commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the New York State Division of Human Rights (Division) that petitioner had engaged in unlawful discriminatory practices with respect to housing. The determination confirmed the recommended order of the Administrative Law Judge, which was issued after a hearing, and ordered, inter alia, that petitioner pay various damages, penalties and fines. Respondent-petitioner Commissioner of the Division filed a cross petition seeking an order confirming the determination and directing petitioner to comply with the determination. In addition, in their answer, respondents Scott Gehl of Housing Opportunities Made Equal, Inc. and Stephanie M. Gilliam raised the affirmative defense that the proceeding is time-barred. The proceeding was transferred to this Court pursuant to Executive Law § 298 and 22 NYCRR 202.57 (c) (2).

We agree with respondents Gehl and Gilliam that the proceeding is time-barred, and we therefore dismiss the petition. Executive Law § 298 requires that a proceeding challenging a determination of the Division must be brought "within sixty days after the service of such an order," and the determination contains a notice that petitioner must comply with that requirement. Here, the proceeding was commenced 63 days after service of the determination, and it is well settled that "[t]he provisions of CPLR 2103 (subd [c]) prescribing extensions of time where service on a party is made by mail do not apply to administrative proceedings" (*Matter of Fiedelman v New York State Dept. of Health*, 58 NY2d 80, 81; *see generally Matter of Lester v New York State Off. of Parks, Recreation & Historic Preserv.*, 60 AD3d 680, 681, *lv denied* 12 NY3d 712).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court