Matter of Malik v State of New York Indus. Bd. of Appeals (2019 NY Slip Op 04169)





Matter of Malik v State of New York Indus. Bd. of Appeals


2019 NY Slip Op 04169


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-11951
 (Index No. 3110/16)

[*1]In the Matter of Mohammed Malik, et al., appellants,
v
State of New York Industrial Board of Appeals, respondent.


Horing Welikson & Rose, P.C., Williston Park, NY (Richard T. Walsh of counsel),
for appellants.
Letitia James, Attorney General, New York, NY (ReNika C. Moore, Julie Ulmet, Seth Kupferberg, and Donya Fernandez of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals dated January 20, 2016, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered July 6, 2017. The order and judgment granted the motion of the State of New York Industrial Board of Appeals pursuant to CPLR 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In response to a complaint filed against the petitioners by a former employee, the Commissioner of Labor of the State of New York issued an order to comply, directing the petitioners to pay a certain sum of wages, interest, and civil penalties. The petitioners thereafter filed, with the State of New York Industrial Board of Appeals (hereinafter the IBA), a petition for review of the order to comply. In a determination dated January 20, 2016, the IBA dismissed the petition for review as untimely. The petitioners then commenced the instant proceeding pursuant to CPLR article 78 to review the IBA's determination. The Supreme Court granted the IBA's motion pursuant to CPLR 7804(f) to dismiss the petition, and, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
The petitioners were required to file their petition to review the order to comply no later than 60 days after the issuance of the order (see Labor Law § 101[1]). Nevertheless, the petitioners did not file their petition until 62 days after the order was issued. Contrary to the petitioners' contention, they were not entitled to 5 additional days to file their petition for review, on the basis that the order to comply was sent to them by mail (see Labor Law § 101[1]; 12 NYCRR 65.3[c]; Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 81; Matter of Lester v New York State Off. of Parks, Recreation & Historic Preserv., 60 AD3d 680, 681).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the IBA's motion pursuant to CPLR 7804(f) to dismiss the petition.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court