Matter of Passmore (OB/GYN of Huntington, PLLC--Commissioner of Labor) (2022 NY Slip Op 00703)





Matter of Passmore (OB/GYN of Huntington, PLLC--Commissioner of Labor)


2022 NY Slip Op 00703


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

531990
[*1]In the Matter of the Claim of Lakia Passmore, Respondent. OB/GYN of Huntington, PLLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Abrams & Associates, PLC, Ocean Beach (Adam C. Abrams of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Lakia Passmore, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2020, which ruled that the employer's notice of protest was untimely.
After her relationship with the employer ended, claimant filed a claim for unemployment insurance benefits on October 7, 2019. On October 8, 2019, the Department of Labor mailed a notice of potential charges informing the employer that claimant had filed the claim. The notice advised the employer that, if it objected to claimant receiving benefits, the employer should return the enclosed notice of protest to the Department within 10 days of the mailing of the notice of potential charges. The employer returned the notice of protest on October 23, 2019, contending that claimant had voluntarily separated from her employment. The Department ruled that no determination on the notice of protest would be made because the notice was untimely. The employer requested a hearing, after which an Administrative Law Judge sustained the Department's determination and ruled that the employer's account was chargeable for the claim.[FN1] Upon review, the Unemployment Insurance Appeal Board affirmed the finding of the Administrative Law Judge, and the employer appeals.
We affirm. Pursuant to 12 NYCRR 472.12 (a), "[a] response to a notice of potential charges . . . must be received by the Department . . . within 10 calendar days of the date on the
. . . notice." Further, Labor Law § 593 (6) requires the Commissioner of Labor to "issue a determination for any protest that is filed by any base period employer within the time specified in the not[ice] of potential charges based on voluntary separations or misconduct."
Initially, contrary to the employer's contention, the 10-day time limit on responding to the notice of potential charges was not extended because the Department mailed the notice to the employer as "[t]he provisions of CPLR 2103 (c) prescribing extensions of time where service on a party is made by mail do not apply to administrative proceedings" (Matter of Fiedelman v New York State Dept. of Health , 58 NY2d 80, 81 [1983]). It is undisputed that the notice of potential charges was dated October 8, 2019 and was sent to the employer's proper address. It is also undisputed that the employer did not file its notice of protest until October 23, 2019, well after the 10-day time period. Although the employer's attorney provided exculpatory testimony as to why the employer's filing of the notice of protest was late, the relevant statute and regulation contain no provisions for the Board to extend the deadline (see generally Matter of Barkley [Harlem Community School-Commissioner of Labor] , 274 AD2d 717, 718 [2000]).[FN2] Accordingly, we cannot say that the Board's strict adherence to the 10-day deadline was improper. We have considered the employer's remaining contentions and find them unpersuasive.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without [*2]costs.



Footnotes

Footnote 1: According to the Department's Unemployment Insurance Employer Guide, failing to timely respond to a notice of potential charges "could result in unnecessary costs," and, as relevant here, "[i]f [the employer] provide[s] late information that disqualifies a claimant, [the employer's] account will be charged until the date [the Department] make[s] a determination that disqualifies the claimant" (New York State Department of Labor, Unemployment Insurance Employer Guide , http://dol.ny.gov/
system/files/documents/2021/02/p820.pdf).

Footnote 2: The owner did not appear at the hearing.